Judge John H. Chun

# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>LOREASA MISIPATI,<br><br>Defendant. | NO. CR23-167 JHC<br><br>UNITED STATES' SENTENCING MEMORANDUM |

## I.    Introduction.

Loreasa Misipati was on federal supervised release following his conviction in 2020 for the offense of Felon in Possession of a Firearm. On April 6, 2022, at 6:00 a.m., he was sitting inside his vehicle parked on the driveway of a house connected to a drug trafficking investigation. At that time, police officers began executing a search warrant at the house. The officers briefly detained and then released Misipati from the scene; they did not permit him to take the vehicle. Ultimately, the officers searched the vehicle pursuant to a warrant and recovered two loaded pistols, a loaded AR-15 assault rifle, 106.7 grams of methamphetamine, indicia of drug dealing, and a box of ammunition.

//

On October 24, 2023, Misipati entered guilty pleas to an Information charging him with Possession of a Controlled Substance with Intent to Distribute and Possession of a Firearm in Furtherance of a Drug Trafficking Crime (a "924(c) count"). On March 25, 2024, the Court sentenced Misipati to a term of imprisonment of 60 months and one day and a three-year term of supervised release. This was the mandatory minimum sentence and the sentence jointly recommended by both parties and the Probation Office.

Misipati subsequently filed a motion to vacate his convictions under Title 28, United States Code, Section 2255. After substantial litigation, the parties arrived at a resolution of the § 2255 motion under which: the parties stipulated to the Court vacating Misipati's convictions; Misipati will enter a guilty plea to a Superseding Information charging the offense of Possession of a Controlled Substance with Intent to Distribute, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B); and the parties will jointly recommend that the Court impose a 60-month sentence. Under this agreement, Misipati's original sentence of 60 months and one day would be replaced by a 60-month sentence and he will no longer have a conviction for a § 924(c) offense.

## II.    The Sentencing Guidelines Calculations.

After Misipati enters a guilty plea to the single offense of Possession of Controlled Substances with Intent to Distribute – and no longer to a § 924(c) count – the Guidelines calculations will be different than were set forth in the original Presentence Report. As before, the base offense level remains 24 based on the quantity of methamphetamine involved in the offense. Original PSR ¶ 16. However, a two-level upward adjustment under USSG § 2D1.1(b)(1) is now applicable because Misipati was in possession of firearms. *See* Original PSR ¶ 17 (explaining that this adjustment did not originally apply because Misipati was also convicted of a § 924(c) count).

//

//

GOVERNMENT'S SENTENCING MEMORANDUM - 2
*United States v. Misipati,* CR23-167 JHC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Therefore, the correct Guidelines calculations are now:

| | |
|---|---|
| Base offense level: | 24 |
| Firearm possession: | +2 |
| Acceptance of responsibility | -3 |
| Total offense level | 23 |

Because Misipati falls within criminal history category V, the resulting advisory Guidelines range is 84-105 months. There is a mandatory minimum term of imprisonment of 60 months.

**III.    Sentencing Recommendation.**

The government recommends that the Court sentence Misipati to a term of imprisonment of **60 months** and a term of supervised release of three years, with all the conditions of supervised release recommended by the Probation Office. The various statutory sentencing factors support this sentence, including, most prominently, the nature and circumstances of the offense; the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment; the history and characteristics of the defendant; and the need for the sentence to afford adequate deterrence to criminal conduct.

Misipatis's offenses were serious and dangerous. The Court is familiar with the dangerous combination of loaded firearms and drug trafficking (especially involving methamphetamine). We have seen these types of offenses far too often, and the government need not belabor the point regarding the dangers posed by these crimes.

Misipati's personal history and characteristics contain both aggravating and mitigating aspects. His criminal history is a significant aggravating factor. Misipati has been convicted of a long list of offenses committed over a substantial period, several of which involved the possession and/or use of firearms. PSR ¶¶ 37-40 (documenting Misipati's convictions for Riot Deadly Weapon, two separate cases for Unlawful

GOVERNMENT'S SENTENCING MEMORANDUM - 3
*United States v. Misipati,* CR23-167 JHC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Possession of a Firearm First Degree, and a federal conviction for Felon in Possession of Firearms). Jail sentences (state and federal) have not deterred Misipati from further criminal activity. Instead, his activities escalated into the offenses leading to the instant charges.

The government acknowledges that Misipati's history and background contain substantial mitigation. The Presentence Report documents Misipati's challenging upbringing and his struggles with substance abuse and mental health issues. The plea agreement accounts for this mitigation by including a joint recommendation for the mandatory minimum sentence and the agreement by the U.S. Attorney's Office for the Eastern District of Washington not to file charges arising out of Misipati's arrest in Spokane on October 29, 2022 (there was a firearm recovered from the residence at which he was living). These agreements will result in a sentence far less than what would otherwise be imposed in multiple federal prosecutions.

**IV.    Conclusion.**

For all these reasons, a sentence of 60 months' imprisonment is the appropriate sentence in this case. The government also recommends that the Court impose a term of three years of supervised release, with all the conditions recommended by the Probation Office.

DATED this 26th day of May, 2026.

Respectfully submitted,

_/s/ Todd Greenberg_
TODD GREENBERG
Assistant United States Attorney
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101-3903
Facsimile: 206-553-4440
Phone: 206-553-2636
E-mail: Todd.Greenberg4@usdoj.gov

GOVERNMENT'S SENTENCING MEMORANDUM - 4
*United States v. Misipati,* CR23-167 JHC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970