THE HONORABLE JOHN H. CHUN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

Plaintiff,

v.

LOREASA MISIPATI,[1]

Defendant.

)
)
)
)
)
)
)
)
)
)
)

No. CR23-167-JHC

MR. MISIPATI'S SENTENCING
MEMORANDUM

Mr. Misipati respectfully asks this Court to accept his plea to the Superseding Information charging him with one count of Possession with Intent to Distribute a Controlled Substance in violation of 21 U.S.C. § 841(b)(C) and proceed directly to sentencing. He asks this Court to follow the joint recommendation and impose a sentence of 60 months of custody, concurrent to CR20-002-RSL. This is essentially the same sentence which was imposed by this Court at the original sentencing hearing. This plea and joint recommendation are the negotiated resolution of Mr. Misipati's claims in his habeas corpus petition and the charges in this case.

## I.       PROCEDURAL HISTORY

On October 24, 2023, pursuant to a plea agreement, Dkt. 8, Mr. Misipati pleaded guilty to an information, Dkt. 1, charging in Count 1 Possession of a Controlled Substance with Intent to Distribute, 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), and

---

[1] The caption for this case includes "Joseph" as a middle name. Mr. Misipati states that he does not have an official middle name, although he was called "Joe" through much of his life because his father was called "Joe."

**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Avenue, Suite 700**
**Seattle, WA 98101**
**(206) 553-1100**

charging in Count 2 Possession of a Firearm in Furtherance of a Drug Trafficking Crime, 18 U.S.C. § 924(c)(1)(A)(i). On March 25, 2024, this Court sentenced Mr. Misipati to 60 months on Count 2 consecutive to one day on Count 1. Dkt. 20.

On February 11, 2026, Mr. Misipati filed an amended petition pursuant to 28 U.S.C. § 2255, alleging ineffective assistance of counsel pertaining to the advice he received regarding a potential motion to suppress. *Misipati v. United States*, No. CV25-645-JHC, Dkt. 19 (W.D. Wash. Feb. 11, 2026). On May 18, 2026, the parties filed a stipulated motion requesting that this Court grant the petition and vacate his conviction, and setting forth the parties' agreement that, after his conviction was vacated, Mr. Misipati would plead guilty to a superseding information charging Possession of a Controlled Substance with Intent to Distribute, and the parties would jointly recommend that the Court impose a sentence of 60 months. On May 19, 2026, this Court granted the motion and the amended petition and thereby vacated the conviction. *Id*. at Dkt. 32.

## II.      THIS COURT SHOULD FOLLOW THE JOINT RECOMMENDATION.

18 U.S.C. § 3553(a) directs district courts to impose a sentence sufficient, but not greater than necessary, to accomplish the purposes of sentencing. In other words, a court must impose the minimum term necessary to comply with the goals of sentencing. *Id.*; *accord* 18 U.S.C. § 3582. These relevant § 2553(a) factors are addressed below.

### A.      The nature and circumstances of the offense and the history and characteristics of the defendant

Loreasa "Joe" Misipati has had many challenges in his life, beginning with a very difficult childhood. He was born in American Samoa and as a young child, his mother moved to the United States to make a home for him, his sister, and maternal grandmother. He was raised by his grandmother until he moved to the United States at

**FEDERAL PUBLIC DEFENDER**
1601 Fifth Avenue, Suite 700
Seattle, WA 98101
(206) 553-1100

age four. His biological father was never present in his life, and he learned that his mother left his father because of domestic violence.

The first place Mr. Misipati lived in the United States was Hawaiʻi, followed closely by Washington State, where he rejoined his mother in Federal Way. Between the ages of four and five, Mr. Misipati was sexually abused by a family member. He kept this trauma secret because he was worried things would become worse for him or that the perpetrator would "get[ . . . ] in trouble." PSR ¶ 50.

Mr. Misipati struggled to fit in. English was his second language, and he was accustomed to a very difficult cultural experience. Home life was chaotic, and Mr. Misipati was physically abused by family members as a child. Mr. Misipati stated that he was punished arbitrarily; "he was never told why he was being abused" and was "beaten multiple times for reasons he did not understand." PSR ¶ 51. To make matters worse, he was sexually abused by a family member between ages seven and nine; again, Mr. Misipati kept this trauma a secret.

Unsurprisingly, Mr. Misipati struggled in school. He got in fights and was generally hard to manage. He was suspended often and moved to different schools in the hope that he would make positive connections and thrive. At age seven, Mr. Misipati saw someone who was sitting right next to him get killed; this is just one of the many traumatic experiences he has experienced in his lifetime. Mr. Misipati received his first criminal conviction at age 10 and he has spent most of his adult years in and out of custody. Despite all of this, Mr. Misipati is very close to much of his extended family and is working hard to reestablish relationships with his children.

Mr. Misipati is the father of four children with two different mothers. One of the most important things in his life is to be a role model for his children and to have an ongoing positive relationship with all of them. He recognizes that he has not been a good father but is more committed than ever to get the help he needs to change his

**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Avenue, Suite 700**
**Seattle, WA 98101**
**(206) 553-1100**

lifestyle permanently. He attributes his drug addiction as the primary reason that he has struggled to live a productive law-abiding life. This struggle is not surprising when his formative years gave him a score of 10 on the Adverse Childhood Experiences ("ACEs") analysis. According to those experts, a person who experiences the kind of childhood that Mr. Misipati experienced is much more likely to engage in negative and criminal behavior and suffer from drug addiction, PTSD, and other mental health diagnoses. Looking back, one can only wonder if his adulthood might have been much different had he received treatment and counseling for the abuse and neglect he suffered as a child.

Mr. Misipati is very interested in engaging in counseling upon his release from custody. He also understands that he is institutionalized and the adjustment to living in the community will not be easy. He feels tremendous pressure to be successful because he knows that time is running out for him to have close relationships with his children. He recognizes that he bears responsibility for his mistakes and acknowledges that it was his "very, very bad decisions in [his] life" that led him to this point. Dkt. 18-1.

**B.     The need to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense**

The sentence jointly recommended by Mr. Misipati and the government is one that will provide just punishment for his current criminal conduct and adequate deterrence for the future. A five-year term is a serious punishment that adequately reflects the offense conduct. He has been in custody since April 6, 2022, when he was arrested. The plea to just the drug offense will allow Mr. Misipati to get earned-time credits applied to his sentence by BOP which, he believes, will allow him to be released in the near future.

MR. MISIPATI'S SENTENCING MEMORANDUM
(*United States v. Misipati*, No. CR23-167-JHC) - 4

**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Avenue, Suite 700**
**Seattle, WA 98101**
**(206) 553-1100**

## III. CONCLUSION

Mr. Misipati respectfully requests a sentence of 60 months of incarceration with three years of supervised release. He further requests that the sentence be ordered to run concurrently with the sentence imposed under CR20-0002-JHC.

DATED this 27th day of May 2026.

Respectfully submitted,

s/ *Dennis Carroll*
First Assistant Defender
Attorney for Loreasa Misipati

**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Avenue, Suite 700**
**Seattle, WA 98101**
**(206) 553-1100**